Jacob A. Brudno, Appellant, v. Abraham Turkenitz, Respondent.— Order setting aside service of summons and complaint and vacating judgment affirmed, without costs. No opinion. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.

Jacob R. Budd, Appellant, v. Empire Garage Company, Inc., Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

Garrett B. Clayton, Administrator, etc., of Taylor S. Clayton, Deceased, Respondent, v. Tottenville Shipyard Company, a Corporation, Appellant.— Judgment affirmed, with costs. We are of opinion that there was evidence from which the jury could say that had defendant made an examination of the bolt which pulled out, it would have been found in a loosened condition, and from which the very result here in question might have been reasonably anticipated. Moreover, the float was an appliance of defendant, and was furnished to the decedent for his work, in which respect the case differs from the cases of stevedores placing their workmen on ships owned by some one else where the same degree of inspection is not required of a master who furnishes to his employees his own appliances and the places to work. Jaycox, Manning, Young and Kapper, JJ., concur; Kelly, P. J., dissents upon the ground that there was no evidence to show that inspection by defendant would have disclosed any fault in the ringbolt. (*Liverani* v. *Clark & Son*, 231 N. Y. 178.)

Evelyn Cohen, Respondent, v. Louis Cohen, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

Marie Connor, Respondent, v. The Williamsburgh Savings Bank, Defendant. Thomas F. Hogan, as Administrator, etc., of Annie Connor, Deceased, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

Francis A. Cundill, Respondent, v. John B. Lewis, Appellant.— Judgment reversed upon the law and the facts, and new trial granted, costs to abide the event. The question at issue on the trial was whether the third party, in whose custody the goods were, had acknowledged to the buyer that it held the goods on the buyer's behalf. (Pers. Prop. Law, § 124, subd. 3.)* That issue was not adequately presented to the jury by the charge of the court, and, therefore, in the interests of justice we think a new trial should be granted. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

Carlo Del Buono, Respondent, v. General Motors Acceptance Corporation, Appellant.— Order granting plaintiff's motion for summary judgment, and judgment entered thereon, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We think the claim advanced by defendant, that the four hundred and forty-eight dollars in suit was given to plaintiff by the insurance company as a loan, and not in payment under the policy of insurance, presents such an apparent defense as entitles defendant to a trial. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

---

*Added by Laws of 1911, chap. 571, known as the Sales of Goods Act.— [Rep.